The bill was filed in this case for the reformation of a contract for the purchase of steel scrap. The contract entered into between the parties is evidenced by two letters passing between them, and these are as follows:
"September 23d 1925. Mr. Thomas E. Day, 78 Prospect Street, East Orange, N.J.
 Office of the President.
Dear Sir:
We hereby agree to sell you and you agree to buy all of our steel scrap for the next three months at the top price prevailing in the current issue of The Iron Age, under the classification of `Heavy Melting Scrap, Yard.'
It is understood that our yard is to be kept reasonably free from scrap under this arrangement.
 Yours very truly, HELLER BROTHERS COMPANY. Frederick Baker, President."
"September 25th. Messrs. Heller Brothers Company, Newark, N.J.
Dear Sirs:
We have approximately $200 to our credit with your company. We advised your credit department to hold this credit to apply on our purchases of your scrap. We have bought all your scrap for the next three months, from September 23d, as shown in the contract of September 23d, signed by your president, Mr. Frederick Baker.
 Yours very truly, Thomas E. Day."
From these letters and all the proofs submitted the vice-chancellor advised the decree reforming the contract so that the first paragraph of the letter from the defendant to the complainant, dated September 23d 1925, shall read: "We *Page 221 
hereby agree to sell to you and you agree to buy all of our present accumulation of steel scrap and all of the steel scrap accumulating for the next three months at the top price prevailing in the current issue of The Iron Age, under the classification of `Heavy Melting Scrap, Yard.'" In so finding the vice-chancellor was right.
At the time of making the contract there appears to have been on the defendant's premises two independent companies, the defendant's and the Vixen File Company, and there were accumulations of steel scrap on the premises belonging to each company. The decree entered, before specifically ordering the reformation of the contract as hereinabove stated, declares the contract is "considered and interpreted to mean, and that the interest of the parties thereto was that it should mean, that the defendant sold and the complainant bought all of the scrap physically on the premises at the time the contract was made, and as shown to the complainant by the defendant, together with all the scrap that was to accumulate for the succeeding three months." The defendant-appellant complains of this interpretation of the contract because, as it alleges, this would require it to sell scrap which belonged to others. We do not so read it. We find that the decree entered as advised by the vice-chancellor is as to steel scrap belonging solely and exclusively to the defendant.
The decree appealed from will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 222